**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

MANUEL PARDO CASAS,

Petitioner,

v. Case No. 2:26-cv-01786 KWR-JFR

WARDEN, *Otero County Processing Center*,
TODD M. LYONS, *Acting Director of Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department Of Homeland Security*,

Respondents.

**ORDER GRANTING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner has been on conditions of release for approximately fifteen years under 8 U.S.C. § 1226(a). Petitioner asserts that his due process rights were violated when Respondents detained him without giving him notice or properly revoking his conditional parole. Respondents did not address this due process argument. As explained below, Petitioner's habeas petition is well-taken and is therefore **GRANTED in part**.

**BACKGROUND**

Petitioner is a citizen of Mexico in ICE detention at the Otero County Processing Center in New Mexico. Petitioner has lived in the United States for approximately seventeen years. Doc. 1 at 17. Petitioner was placed in removal proceedings in 2010. Petitioner was ordered released on $20,000 bond under 8 U.S.C. § 1226(a) on January 6, 2011. Doc. 1-1 at 4. Petitioner's removal proceedings were dismissed on March 12, 2015. Doc. 1-1 at 5. Around this time, Petitioner's bond was canceled and returned to him. *See* Doc. 6-1 at 1. The bond cancellation notice did not revoke his release under § 1226(a) or otherwise return him to custody. Petitioner was detained by Respondents in May 2026.

Petitioner asserts that he remained on release under § 1226(a) until his detention in 2026. Petitioner asserts that for approximately fifteen years he fulfilled his conditions of release, attended removal proceedings, lived with his family, raised his children, received employment authorization, and purchased a home in El Paso, Texas. Doc. 1 at 2. Petitioner asserts that Respondents did not provide written notice explaining the basis for the revocation of his release. He asserts that Respondents did not determine whether Petitioner presented a flight risk or danger to the community prior to his re-arrest. Respondents do not dispute any of Petitioner's factual assertions.

Petitioner appears to assert that due process requires Respondents, prior to detaining him, to give him written notice of the revocation of his conditional parole, a hearing, and an individualized determination pursuant to *Morrissey*. Respondents did not address this claim.

**DISCUSSION**

First, Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) as he has been present in the United States for years and is not seeking admission into the United States. Mandatory detention under § 1225(b)(2)(A) only applies to noncitizens "seeking admission" into

the United States. Despite this statutory language, Respondents have argued in other cases that the mandatory detention provision under § 1225(b)(2)(A) applies, as that provision covers not only those who present themselves at the border, but any noncitizen who is present in the United States without admission, pending a decision on removal. *See, e.g., Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). Here, Petitioner was detained while present in the United States. He lived in the United States for years prior to his detention, and Respondents do not assert that he was detained at the border or detained while attempting to enter the United States. The statutory phrase "seeking admission" cannot be interpreted to apply to Petitioner, who has lived in the United States for years. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *see also Barry v. Lyons*, No. 1:26-CV-00504-KWR-KRS, 2026 WL 926218, at *2-5 (D.N.M. Apr. 6, 2026); *Abdikadir v. Mullin,* No. 1:26-CV-00634 KWR-JMR, 2026 WL 895661, at *2-6 (D.N.M. Apr. 1, 2026). Therefore, Petitioner is entitled to a bond hearing under § 1226(a). Because he has not received the process due under § 1226(a), his procedural due process rights were violated.

*Second,* in the alternative, controlling Tenth Circuit authority required immigration authorities to conduct an individualized assessment prior to revoking parole. *See Marczak v. Greene,* 971 F.2d 510, 515 (10th Cir. 1992); *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1219 (10th Cir. 2001). *Marczak* held that an individualized assessment was required when deciding whether to grant or deny parole. *Sierra* applied *Marczak* to the discretionary revocation of parole. Respondents did not respond to the Petition. Respondents did not dispute Petitioner's assertion that he was on conditional parole at the time he was detained in 2026. Respondents do not assert that an individualized assessment was made prior to revoking his parole. Therefore, the

Court takes as true Petitioner's assertion that no individualized determination was made in deciding whether to revoke his parole. Therefore, Petitioner's due process rights were violated.

Respondents provided evidence that Petitioner's bond was canceled and returned to him in 2015. That notice merely stated that the bond was canceled and it would be refunded to Petitioner. It did not state that Petitioner's conditional parole was revoked or canceled, and Respondents do not argue that his parole was revoked at that time.

*Third,* because Respondents do not dispute that Petitioner's conditional parole was not properly revoked prior to his detention, Petitioner is detained in violation of due process. Respondents' response does not address Petitioner's due process argument or dispute that his parole was not properly revoked in violation of due process. For the reasons stated in *Singh v. Noem*, 824 F. Supp. 3d 1197 (D.N.M. 2026), which the Court adopts and incorporates herein, Petitioner's detention violates due process and he is entitled to release.

Release is the appropriate remedy in this case. *See also Mathews v. Eldridge,* 424 U.S. 319, 335 (1976) (setting forth factors to consider when remedying a due process violation); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (habeas is "a remedy for unlawful executive detention," and the "typical remedy is, of course, release"); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (Federal district courts have broad equitable powers to craft habeas relief); 28 U.S.C. § 2243 (District courts have the power and authority to dispose of habeas corpus matters "as law and justice require").

For the reasons stated above, the Court will order Petitioner's immediate release from custody. The Court's opinion should not be construed as prohibiting his future detention based on changed circumstances, such as if § 1231 detention applies.

**IT IS THEREFORE ORDERED** that the Petition (**Doc. 1**) is hereby **GRANTED in part** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Respondents shall release Petitioner within **twenty-four (24) hours** of the entry of this order under appropriate conditions of supervision.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE